UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JOHN TRISVAN, | NOT FOR PUBLICATION |
| Plaintiff, | **MEMORANDUM & ORDER**<br>14-CV-6016 (MKB) |
| v. | |
| ANTHONY ANNUCCI, Commissioner of New York State Division of Parole; A. McCLEARY, Senior Parole Officer of Brooklyn V Area Office; A. GOULD, Parole Officer, Brooklyn V Area Office; Y. KING, Parole Officer, Brooklyn V Area Office; A. EVANS, Former Chair, Board of Parole (2009–2013); T. STANFORD, Present Chair, Board of Parole (2013–Present), | |
| Defendants. | |

---

MARGO K. BRODIE, United States District Judge:

Plaintiff John Trisvan, appearing *pro se*, commenced the above-captioned action on October 14, 2014, against Defendants Anthony Annucci, Commissioner of the New York State Division of Parole, A. McCleary, Senior Parole Officer of "Brooklyn V Area Office," and A. Gould and Y. King, "Parole Officers, Brooklyn V Area," challenging the conditions of his parole and seeking relief pursuant to 42 U.S.C. § 1983. (Compl. 1.) Plaintiff filed an Amended Complaint on February 4, 2015, adding Defendants A. Evans, former Chairman of the Board of Parole, and T. Stanford, current Chairman of the Board of Parole. (Am. Compl. 1.) Plaintiff alleges that the special conditions of his parole violate his First, Second, Fifth, Eighth, Ninth and Fourteenth Amendment rights, and his right to "travel in and outside of the United States of America as a traveler, wayfarer, or driver." (*Id*. at 4.) Plaintiff seeks declaratory and injunctive relief and $150 million in damages. (*Id*. at 5.) The Court grants Plaintiff's request to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Amended Complaint is dismissed.

## I. Background

On September 27, 2011, Plaintiff was released from prison "after serving a term of 14 years." (Am. Compl. 2.) After his release, Plaintiff's parole officer, Defendant Gould, gave him a list of "conditions/restrictions" for his parole. (*Id.*) The conditions included:

> curfew between the hours of 9 p.m. and 7 a.m.; no use of alcohol or [being] in an establishment where alcohol is [the] main level of business; no fraternizing or being in the company of convicted felons/felony offenders; no travel outside of New York City (5 boroughs) and/or New York State; cannot operate a vehicle or have possession of a driver's license; cannot possess a firearm or sharp instrument that can be used and ruled as a weapon.

(*Id.* at 3.) Plaintiff's supervision was reassigned to parole officer King in "February 2012/2013," who reiterated Plaintiff's parole conditions. (*Id.*) King also told Plaintiff that he "would not be able to attend prayer services at the mosque before 7 a.m. and after 9 p.m." (*Id.*)

King informed Plaintiff that his parole conditions were imposed "by the head of Parole in Albany, New York (Defendant, Anthony Annucci) who, in turn, forwarded such conditions to her supervisor and Senior Parole Officer (SPO) (Defendant A. McCleary)." (*Id.*) Plaintiff alleges that "[b]etween 2009 to 2013, [Evans] was the chairwoman of the NYS Board of Parole and CEO of the NYS Division of Parole, and oversaw the operations of both agencies and their officers," and that "as of 2013, [Stanford] has been assigned these positions taking control of both agencies that spearhead the unconstitutionality of this system of parole." (*Id.*)

According to Plaintiff, the conditions of his parole prevent him from "fully practic[ing] [his] religion of Islam (by denying [him] the ability to perform the 5 obligatory prayers through the day and night at the mosque; and [from] mak[ing] a pilgrimage to Mecca (Hajj))." (*Id.*) The restrictions also leave Plaintiff "incapable of strengthening ties with [his] family and friends by

2

denying [him] the right to take trips through this State (of New York) and throughout the Country." (*Id*. at 3.) Plaintiff asserts that because his parole conditions deny him the right to assemble "with people who were felons," he is unable "to associate with anyone" if he is not aware of their "arrest history/ 'rap sheet.'" (*Id*. at 4.)

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff fails to state a claim

Plaintiff fails to state a claim for relief pursuant to 42 U.S.C. § 1983. To state a claim pursuant to Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

"Parolees are, of course, not without constitutional rights." *United States ex rel. Sperling v. Fitzpatrick*, 426 F.2d 1161, 1164 (2d Cir. 1970). However, parolees are subject to "restrictions not applicable to other citizens," and a prisoner on parole enjoys only "conditional liberty properly dependent on observance of special parole restrictions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *United States v. Polito*, 583 F.2d 48, 54 (2d Cir. 1978) ("'While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom . . . .'" (quoting *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)); *Gerena v. Pezdek*, No. 13-CV-953, 2015 WL 513145, at *3 (N.D.N.Y. Feb. 6, 2015) ("Probationers and parolees, simply by virtue of their status . . . enjoy only a conditional liberty dependent on their adherence to special probation restrictions."); *Daniels v. Ralph*, No. 10-CV-884, 2012 WL 2120591, at *8 (W.D.N.Y. June 11, 2012) (noting that "[t]he conditional liberty enjoyed by the parolee is dependent on observance of special parole restrictions" (internal quotation marks and citations removed)); *LoFranco v. U.S. Parole Comm'n*, 986 F. Supp. 796, 804 (S.D.N.Y. 1996) ("As a condition of release on parole, however,

the Parole Commission may restrict a parolee's access to otherwise lawful activities."); *Rizzo v. Terenzi*, 619 F. Supp. 1186, 1190–91 (E.D.N.Y. 1985) ("The parolee released from confinement has been granted but conditional liberty, and his liberty interest is defined by the terms of his release."); *see also* N.Y. Comp. Codes. R. & Regs. tit. 9, § 8003.3 ("A special condition may be imposed upon a [parolee] either prior or subsequent to release . . . each special condition may be imposed by a member of the Board of Parole, an authorized representative of the division of parole, or a parole officer," memorialized by "a written copy of each special condition imposed.").

Thus, "[a] parolee has no constitutionally protected interest in being free of a special condition of parole." *Boddie v. Chung*, No. 09-CV-4789, 2011 WL 1697965, at *1 (E.D.N.Y. May 4, 2011) (citing *Cooper v. Dennison*, No. 08-CV-6238, 2011 WL 1118685, at *11 (W.D.N.Y. Mar. 24, 2011)); *see also Singleton v. Doe*, No. 14-CV-0303, 2014 WL 3110033, at *3 (E.D.N.Y. July 7, 2014) ("[a] parolee has no constitutionally protected interest in being free of a special condition of parole." (internal quotation marks and citations removed)); *McCloud v. Kane*, 491 F. Supp. 2d 312, 317 (E.D.N.Y. 2007) (same); *Maldonado v. Fischer*, No. 11-CV-1091, 2012 WL 4461647, at *4 (W.D.N.Y. Sept. 24, 2012) ("Accordingly, to the extent that plaintiff is alleging a protected liberty interest to be free from the special conditions of parole to which he objects, such an 'interest' is not protected."); *Robinson v. Pagan*, No. 05-CV-1840, 2006 WL 3626930, at *6 (S.D.N.Y. Dec. 12, 2006) (hereinafter, *Pagan*) ("It is well within the Division of Parole's discretion to impose supervision conditions that the parolee deems onerous."); *Walker v. Mattingly*, No. 09-CV-845, 2012 WL 1160772, at *6 (W.D.N.Y. Apr. 5, 2012) (noting that parolees do not have a protected liberty interest to be free from special conditions of parole).

Moreover, "[r]eview of conditions of parole is generally a matter for state courts." *Nash v. King*, No. 13-CV-00753, 2015 WL 1461291, at *3 (W.D.N.Y. Mar. 30, 2015) (quoting *Walker*, 2012 WL 1160772, at *6); *Boddie*, 2011 WL 1697965, at *2 (citing *Pena v. Travis*, No. 01-CV-8534, 2002 WL 31886175, at *13 (S.D.N.Y. 2002) (same); *Pagan*, 2006 WL 3626930, at *1 (same). Furthermore, "parole conditions are not subject to judicial review in the absence of a showing that the board or its agents acted in an arbitrary and capricious manner." *Boddie*, 2011 WL 1697965, at *2 (citing *Pagan*, 2006 WL 3626930, at *1); *see also Birzon v. King*, 469 F.2d 1241, 1243 (2d Cir. 1972) ("Although a parolee should enjoy greater freedom in many respects than a prisoner, we see no reason why the Government may not impose restrictions on the rights of the parolee that are reasonably and necessarily related to the interests that the Government retains after his conditional release . . . when a convict is conditionally released on parole, the Government retains a substantial interest in insuring that its rehabilitative goal is not frustrated and that the public is protected from further criminal acts by the parolee."); *Muhammad v. Evans*, No. 11-CV-2113, 2014 WL 4232496, at *9 (S.D.N.Y. Aug. 15, 2014) ("In the Second Circuit, special restrictions on a parolee's rights are upheld where they are reasonably and necessarily related to the interests that the Government retains after his conditional release." (internal quotation marks and citations omitted)); *Singleton*, 2014 WL 3110033 at *3 ("[T]he imposition of conditions — whether imposed prior to or subsequent to release, by the parole board or a field parole officer — must be upheld as long as they are reasonably related to a parolee's past conduct, are not arbitrary and capricious, and are designed to deter recidivism and prevent further offenses." (quoting *Robinson v. New York*, No. 09-CV-0455, 2010 U.S. Dist. LEXIS 144553, at *14 (N.D.N.Y. Mar. 26, 2010)); *Walker*, 2012 WL 1160772, at *18 ("[T]he Parole Board's discretionary imposition of special conditions is not subject to judicial review in the

absence of a showing that the board or its agents acted in an arbitrary and capricious manner."); *Maldonado*, 2012 WL 4461647, at *3 (same); *Pena,* 2002 WL 31886175, at *9 (same).

Here, Plaintiff alleges that as a result of his special conditions of parole, he has been denied his First Amendment rights to "freely exercise [his] religion" and to "assemble and associate with the general public as a whole and collectively," his Second Amendment right to "bear arms on [his] person and/or at home," his "fundamental right to travel in and outside the United States as a traveler, wayfarer, or driver," his Fifth Amendment Right "not to be subjected twice for the same crime or offense," his Eighth Amendment right "to be free from cruel and unusual punishment," his Ninth Amendment right "to rights not enumerated in the U.S. Constitution," and his Fourteenth Amendment right "to due process and to equal protection of the law." (Am. Compl. 4.) Plaintiff fails to allege a constitutional violation and therefore fails to state a claim for which this Court can grant him any relief.

Plaintiff has no protected liberty interest to be free from the special conditions of his parole and has otherwise failed to allege a constitutional violation. *See Watson v. Cieslak*, No. 09-CV-2073, 2010 WL 93163, at *5 (S.D.N.Y. Jan. 11, 2010) (finding that "it is entirely appropriate that New York parole agreements provide that parolees are not permitted to travel outside the state without permission of their parole officer"); *LoFranco*, 986 F. Supp. at 802–03 ("[C]ourts have long upheld the standard parole condition that the parolee not associate with persons having a criminal record."); *Rizzo*, 619 F. Supp. at 1189 (finding no constitutional violation where parolee was denied the right to travel as a condition of his parole). Nor has Plaintiff alleged any facts to suggest that the imposition of his special conditions of parole were arbitrary and capricious or that his parole conditions are not "reasonably and necessarily related"

7

to the Government's interest.[1] *LoFranco*, 986 F. Supp. at 802–03 ("As long as there is a reasonable nexus between the special condition of release and the crime for which the individual was convicted, a parolee may have his actions reasonably restricted in order to prevent his future criminality, and that includes depriving a parolee of his freedom of association . . . ."). Accordingly, Plaintiff's Amended Complaint challenging the special conditions of his parole is dismissed for failure to state a claim on which relief may be granted.

### III. Conclusion

For the reasons set forth above, Plaintiff's Amended Complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 29, 2015
      Brooklyn, New York

---

[1] Although the Amended Complaint does not state the nature of Plaintiff's conviction, the Court takes judicial notice of *Trisvan v. Woods*, No. 117681, slip op. at *1 (N.Y. Co. Ct. Oct. 18, 2004) which states that Plaintiff was convicted of manslaughter in the first degree.