UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JOHN TRISVAN,

                Plaintiff,

v.

ANTHONY ANNUCCI, Commissioner of the New
York State Division of Parole, T. STANFORD,
Chair of the New York Parole Board, LETRICIA
MCCLEARY, Senior Parole Officer for Brooklyn V
Area Office, ANNE GOULD, YVONEE KING and
VIKKY URENA, Parole Officers for Brooklyn V
Area Office, and A. EVANS, Former Chair of the
New York Parole Board,

                Defendants.

**MEMORANDUM & ORDER**
14-CV-6016 (MKB)

-----------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

      Plaintiff John Trisvan, proceeding *pro se*, commenced the above-captioned action on October 14, 2014, against Defendants Anthony Annucci, Commissioner of the New York State Division of Parole, A. McCleary, Senior Parole Officer of "Brooklyn V Area Office," and A. Gould and Y. King, "Parole Officers, Brooklyn V Area," challenging the conditions of his parole and seeking relief pursuant to 42 U.S.C. § 1983.[1]  (Compl. 1, Docket Entry No. 1.)  Plaintiff filed an amended complaint (the "Amended Complaint") on February 4, 2015, adding Defendants A. Evans, former Chairman of the Board of Parole, and T. Stanford, current Chairman of the Board

---

[1] In the Complaint, Plaintiff incorrectly identified Letricia McCleary as A. McCleary. (*See* Compl. 1, Docket Entry No. 1; Order dated November 20, 2015, Docket Entry No. 31 (requesting the New York Attorney General to provide the full names for Defendants); Suppl. Summons Reissued, Docket Entry No. 38 (identifying McCleary as Letricia McClerary).)

of Parole. (Am. Compl. 1, Docket Entry No. 6.) Plaintiff alleged that the special conditions of his parole violate his First, Second, Fifth, Eighth, Ninth and Fourteenth Amendment rights and his right to "travel in and outside of the United States of America as a traveler, wayfarer, or driver."[2] (*Id.* at 4.)

Plaintiff filed a Second Amended Complaint ("SAC") on August 26, 2015, with the same allegations as those set forth in the Amended Complaint. (SAC 2–4, Docket Entry No. 15.) In the SAC, Plaintiff added Defendant "Y. Urena, Parole Officer, Brooklyn V Area Office." (*Id.* at 1.) Plaintiff seeks damages, injunctive relief and a declaratory judgment. (*Id.* at 5.) Defendants move to dismiss the SAC for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] (Defs. Mot. to Dismiss ("Defs. Mot."), Docket Entry No. 52; Defs. Mem. in Supp. of Defs. Mot. ("Defs. Mem."), Docket Entry No. 53.) Plaintiff opposes the motion. (Pl. Opp'n to Defs. Mot. ("Pl. Opp'n"), Docket Entry No. 50.) For

---

[2] By Memorandum and Order dated April 29, 2015 (the "April 2015 Decision"), the Court dismissed Plaintiff's action, *sua sponte*, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Trisvan v. Annucci*, No. 14-CV-0616, 2015 WL 1966275, at *1–4 (E.D.N.Y. Apr. 29, 2015). Plaintiff appealed. (Notice of Appeal, Docket Entry No. 13.) The United States Court of Appeals for the Second Circuit vacated the April 2015 Decision and remanded with instructions that the Court grant Plaintiff leave to amend the Amended Complaint to present arguments regarding whether "the special conditions of his parole are 'reasonably and necessarily related' to the state's interests in light of the conduct for which [Plaintiff] was convicted." (Order of USCA, Docket Entry No. 14 (first quoting *Farrell v. Burke*, 449 F.3d 470, 491 (2d Cir. 2006); and then quoting *Birzon v. King*, 469 F.2d 1241, 1243 (2d Cir. 1972)).)

[3] According to the Attorney General of the State of New York, Defendant A. Evans did not request representation from the New York Attorney General's Office. (Defs. Mem. 1 & n.2.) The docket reflects that the summons was mailed to Evans, and Evans refused to accept service. (Summons Returned Unexecuted as A. Evans, Docket Entry No. 40). As such, Evans is bound by the Court's decision in this matter. *See Morse v. Elmira Country Club*, 752 F.2d 35, 40 (2d Cir. 1984) (holding that the court had personal jurisdiction over a defendant where the summons was mailed to the defendant and he refused service); *Szarejko v. Great Neck School Dist.*, 795 F. Supp. 81, 84–85 (E.D.N.Y. 1992) (same); *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, No. 12-CV-5754, 2013 WL 6799973, at *8 (S.D.N.Y. Dec. 20, 2013) (same).

the reasons discussed below, the Court grants Defendants' motion to dismiss. Plaintiff is granted thirty (30) days from the date of this Memorandum and Order to submit a third amended complaint.

**I.  Background**

The Court assumes familiarity with the facts as detailed in the April 2015 Decision and will only provide a summary of the pertinent facts here. *See Trisvan v. Annucci*, No. 14-CV-0616, 2015 WL 1966275, at *1 (E.D.N.Y. Apr. 29, 2015). In January, 1997, Plaintiff's friend, Jermaine Cross, learned that another man, Raheim Slaughter, intended to rob Plaintiff.[4] *See Trisvan v. Ercole*, No. 07-CV-4673, 2015 WL 4197685, at *2 (E.D.N.Y. Jan. 30, 2015). Cross discovered that Slaughter was in an apartment in the Albany Housing Complex in Brooklyn, New York. *See id.* at *1. At approximately 1:30 AM, Plaintiff accompanied Cross to the apartment to confront Slaughter. *See id.* at *2. When Plaintiff and Cross arrived at the apartment, they found Slaughter and shot him several times. *See id.* Cross was arrested a few days later and told the police that Plaintiff was the second shooter. *See id.* The police went to Plaintiff's home, but he had fled to Philadelphia, Pennsylvania. *See id.* Plaintiff returned to New York in May, 1997, and surrendered to the police. *See id.* Based on an eyewitness identification and Plaintiff's confession, Plaintiff was convicted of manslaughter in the first degree. *See id.* at *3–4. The trial judge sentenced Plaintiff to an indeterminate sentence of twelve-to-twenty-five years of imprisonment. *See id.* at *4.

Plaintiff was granted parole on September 27, 2011, after serving fourteen years of his

---

[4] Because the SAC does not provide any of the facts underlying Plaintiff's conviction, the Court takes judicial notice of *Trisvan v. Ercole*, No. 07-CV-4673, 2015 WL 4197685 (E.D.N.Y. Jan. 30, 2015), Plaintiff's federal habeas corpus case, which describes the factual background of Plaintiff's crime of conviction.

sentence at Great Meadow Correctional Facility. (SAC 2.) Gould served as Plaintiff's parole supervisor and informed Plaintiff of the conditions of his parole, which included:

> A) curfew between the hours of 9 p.m. and 7 a.m.;
> B) no use of alcohol or [attendance] in an established of where alcohol is [the] main level of business;
> C) no fraternizing or being in the company of convicted felons/felony offenders;
> D) no travel outside of New York City (5 Boroughs) and/or New York State;
> E) cannot operate a vehicle or have possession of a driver's license;
> F) cannot possess a firearm or sharp instrument that can be used and ruled as a weapon.

(*Id.*) King subsequently replaced Gould as Plaintiff's parole supervisor, and informed Plaintiff that he remained subject to the same conditions of release. (*Id.*) King also informed Plaintiff that the release conditions were imposed by Commissioner Annucci, who forwarded them to King's supervisor, McCleary. (*Id.* at 3.) In approximately March, 2015, Urena replaced King as Plaintiff's parole supervisor. (*Id.*) In June, 2015, Plaintiff requested permission to travel to Albany, New York, and Urena denied the request. (*Id.*) At some point, Plaintiff was also informed that, due to his felony conviction, he no longer had the right to vote. (*Id.*)

Based on the foregoing facts, Plaintiff filed suit against Defendants, alleging violations of his rights under the First, Second, Fifth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution. (Compl. 2–4; Am. Compl. 2–4.) In the Amended Complaint Plaintiff argued that the release conditions violated the Free Exercise Clause by preventing him from praying at the mosque during the times he needed to do so and by prohibiting him from traveling to Mecca. (Am. Compl. 3–4.) Plaintiff also alleged that the parole conditions precluded him from "strengthening ties with [his] friends and family" and violated his right to free assembly by barring him from associating with persons with felony convictions. (Am. Compl. 3–4.)

In the April 2015 Decision, the Court dismissed Plaintiff's claims *sua sponte* and denied

leave to amend, finding that "Plaintiff has no protected liberty interest to be free from the special conditions of his parole and has otherwise failed to allege a constitutional violation." *Trisvan*, 2015 WL 1966275, at *4 (citations omitted). The Court also found that Plaintiff failed to "allege[] any facts to suggest that the imposition of his special conditions of parole are arbitrary and capricious or that his parole conditions are not 'reasonably and necessarily related' to the Government's interest." *Id.* (citation omitted). On appeal, the Second Circuit remanded, instructing the Court to allow Plaintiff to file a second amended complaint to show why the release conditions are not "reasonably and necessarily related" to the crime of conviction because Plaintiff is proceeding *pro se*. (Order of USCA.)

Plaintiff subsequently filed the SAC, explaining how the release conditions violate multiple constitutional amendments. (SAC 2–4.) In the SAC, Plaintiff reiterates that the release conditions violate his rights under the First, Second, Fifth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution.[5] (*Id.* at 3–4.) Plaintiff alleges: (1) that the curfew and travel conditions violate the First Amendment's Free Exercise Clause because (a) he is prohibited from praying at a mosque between 9:00 PM and 7:00 AM, and (b) he is prohibited from making a pilgrimage to Mecca, (*id.*); (2) that the condition regarding contact with persons previously convicted of a felony violates his First Amendment right to free association because he is unable to associate with anyone unless he knows their criminal history, (*id.* at 3); (3) that the firearm condition violates his Second Amendment right to bear arms, (*id.* at 4); (4) that the release conditions constitute double punishment for the same crime in violation of the Fifth Amendment's Double Jeopardy Clause and constitute cruel and unusual punishment in violation

---

[5] Because Plaintiff is proceeding *pro se*, the Court liberally construes Plaintiff's allegations "to make the strongest arguments they suggest." *Wiley v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015).

5

of the Eight Amendment, (*id.*); (5) that the travel restriction violates his fundamental right to travel under the Fourteenth Amendment and restricts his ability to "strengthen[] ties with [his] friends and family, . . . ." (*id.*); and (6) that the release conditions violate his right to due process and equal protection under the Fourteenth Amendment, (*id.*).

## II. Discussion

### a. Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Concord Assoc's, L.P. v. Entm't Prop. Trust*, 817 F.3d 46, 52 (2d Cir. 2016) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Thus, Courts must liberally construe papers submitted by *pro se* litigants "to raise the strongest arguments they suggest." *Wiley v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015).

  **b.**  **Plaintiff fails to allege that the release conditions are not "reasonably and necessarily related" to the crime of conviction**

  Defendants argue that the Court must dismiss Plaintiff's claims because Plaintiff fails to present any allegations showing that the release conditions are not "reasonably and necessarily related to his conviction . . . ." (Defs. Mem. 5–8.) Plaintiff argues that the release conditions are unconstitutional and Defendants have violated the constitution by enforcing them. (Pl. Opp'n 1–15.) Plaintiff, however, fails to present the Court with any factual allegations regarding his crime of conviction and fails to allege that the release conditions are not reasonably and necessarily related to his crime of conviction.

  "Parolees are . . . not without constitutional rights." *United States ex rel Sperling v. Fitzpatrick*, 426 F.2d 1161, 1164 (2d Cir. 1970). However, parolees are subject to "restrictions not applicable to other citizens," and a prisoner on parole enjoys only "conditional liberty properly dependent on observance of special parole restrictions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *United States v. Polito*, 583 F.2d 48, 54 (2d Cir. 1978) ("While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom . . . ." (internal quotation marks omitted) (quoting *Jones v. Cunningham*, 371 U.S. 236, 243 (1963))); *Gerena v. Pezdek*, No. 13-CV-953, 2015 WL 513145, at *3 (N.D.N.Y. Feb. 6, 2015) ("Probationers and parolees, simply by virtue of their status . . . enjoy only a conditional liberty dependent on their adherence to special probation restrictions."); *Daniels v. Ralph*, No. 10-CV-884, 2012 WL 2120591, at *8 (W.D.N.Y. June 11,

2012) (noting that "[t]he conditional liberty enjoyed by the parolee is dependent on observance of special parole restrictions" (internal quotation marks and citations removed)); *LoFranco v. U.S. Parole Comm'n*, 986 F. Supp. 796, 804 (S.D.N.Y. 1996) ("As a condition of release on parole, however, the Parole Commission may restrict a parolee's access to otherwise lawful activities."); *Rizzo v. Terenzi*, 619 F. Supp. 1186, 1190–91 (E.D.N.Y. 1985) ("The parolee released from confinement has been granted but conditional liberty, and his liberty interest is defined by the terms of his release."); *see also* N.Y. Comp. Codes. R. & Regs. tit. 9, § 8003.3 ("A special condition may be imposed upon a [parolee] either prior or subsequent to release . . . each special condition may be imposed by a member of the Board of Parole, an authorized representative of the division of parole, or a parole officer," memorialized by "a written copy of each special condition imposed.").

To the extent that a parolee's special conditions may implicate his liberty interests, those liberty interests are not infringed "in the absence of a showing that the [parole] board or its agents acted in an arbitrary and capricious manner."[6] *Boddie v. Chung*, No. 09-CV-4789, 2011 WL 1697965, at *2 (E.D.N.Y. May 4, 2011) (citing *Robinson v. Pagan*, No. 05-CV-1840, 2006

---

[6] Several courts in this Circuit have held that "[a] parolee has no constitutionally protected interest in being free of a special condition of parole." *Boddie v. Chung*, No. 09-CV-4789, 2011 WL 1697965, at *1 (E.D.N.Y. May 4, 2011) (citing *Cooper v. Dennison*, No. 08-CV-6238, 2011 WL 1118685, at *11 (W.D.N.Y. Mar. 24, 2011)); *see, e.g.*, *McCloud v. Kane*, 491 F. Supp. 2d 312, 317 (E.D.N.Y. 2007) (same); *Maldonado v. Fischer*, No. 11-CV-1091, 2012 WL 4461647, at *4 (W.D.N.Y. Sept. 24, 2012) ("Accordingly, to the extent that plaintiff is alleging a protected liberty interest to be free from the special conditions of parole to which he objects, such an 'interest' is not protected."); *Robinson v. Pagan*, No. 05-CV-1840, 2006 WL 3626930, at *6 (S.D.N.Y. Dec. 12, 2006) ("It is well within the Division of Parole's discretion to impose supervision conditions that the parolee deems onerous."); *Walker v. Mattingly*, No. 09-CV-845, 2012 WL 1160772, at *6 (W.D.N.Y. Apr. 5, 2012) (noting that parolees do not have a protected liberty interest to be free from special conditions of parole). Here, the Court understands Plaintiff to challenge the substance of his special conditions, and not the mere imposition of those conditions.

WL 3626930, at *1 (S.D.N.Y. Dec. 12, 2006)); *see also Birzon v. King*, 469 F.2d 1241, 1243 (2d Cir. 1972) ("[W]hen a convict is conditionally released on parole, the Government retains a substantial interest in insuring that its rehabilitative goal is not frustrated and that the public is protected from further criminal acts by the parolee. Although a parolee should enjoy greater freedom in many respects than a prisoner, we see no reason why the Government may not impose restrictions on the rights of the parolee that are reasonably and necessarily related to the interests that the Government retains after his conditional release."); *Muhammad v. Evans*, No. 11-CV-2113, 2014 WL 4232496, at *9 (S.D.N.Y. Aug. 15, 2014) ("In the Second Circuit, special restrictions on a parolee's rights are upheld where they are reasonably and necessarily related to the interests that the Government retains after his conditional release." (internal quotation marks and citations omitted)); *Singleton v. Doe*, No. 14-CV-0303, 2014 WL 3110033 at *3 (E.D.N.Y. July 7, 2014) ("[T]he imposition of conditions — whether imposed prior to or subsequent to release, by the parole board or a field parole officer — must be upheld as long as they are reasonably related to a parolee's past conduct, are not arbitrary and capricious, and are designed to deter recidivism and prevent further offenses." (quoting *Robinson v. New York*, No. 09-CV-0455, 2010 U.S. Dist. LEXIS 144553, at *14 (N.D.N.Y. Mar. 26, 2010)); *Walker v. Mattingly*, No. 09-CV-845, 2012 WL 1160772, at *18 (W.D.N.Y. Apr. 5, 2012) ("[T]he Parole Board's discretionary imposition of special conditions is not subject to judicial review in the absence of a showing that the board or its agents acted in an arbitrary and capricious manner."); *Maldonado v. Fischer*, No. 11-CV-1091, 2012 WL 4461647, at *3 (W.D.N.Y. Sept. 24, 2012) (same); *Pena v. Travis*, No. 01-CV-8534, 2002 WL 31886175, at *9 (S.D.N.Y. Dec. 27, 2002) (same). Therefore, as a parolee, Plaintiff has a limited due process right that entitles him to

conditions of parole that are reasonably related to his prior conduct or to the government's interest in his rehabilitation.

Plaintiff's allegations before the Court consistently assert that the release conditions are unconstitutional, but Plaintiff fails to present any factual allegations explaining how or why the release conditions are not reasonably and necessarily related to his crime of conviction. (SAC 2–5; Pl. Opp'n 1–15.) The Court is unable to construe Plaintiff's allegations in a manner that shows that the release conditions are not reasonably and necessarily related to his crime of conviction because Plaintiff has not provided the Court with the facts underlying his crime of conviction.[7] (*See id*.) Therefore, Plaintiff's challenge to the release conditions fails to state a claim upon which relief can be granted. *See Pollard v. U.S. Parole Comm'n*, No. 15-CV-9131, 2016 WL 4290607, at *12 (S.D.N.Y. Aug. 11, 2016) (denying the plaintiff's claims because the parole conditions were "reasonably related to the characteristics of [the plaintiff] and his crime"); *see also Birzon*, 469 F.2d at 1243 (2d Cir. 1972) ("[W]e see no reason why the Government may not impose restrictions on the rights of the parolee that are reasonably and necessarily related to the interests that the Government retains after his conditional release."); *LoFranco,* 986 F. Supp. at 802–03 ("As long as there is a reasonable nexus between the special condition of release and the crime for which the individual was convicted, a parolee may have his actions reasonably

---

[7] Although the Court relied on Plaintiff's petition for a writ of habeas corpus, *Trisvan*, 2015 WL 4197685, at *2, to provide the background facts underlying Plaintiff's crime of conviction, the Court may not rely on those facts for the truth of the matters asserted therein. *See Global Network Commc'ns Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may [not] take judicial notice . . . for the truth of the matters asserted in . . . other litigation, but rather to establish the facts of such litigation and related filings."). Plaintiff must provide the Court with the factual allegations underlying his crime of conviction for the Court to properly analyze whether he has stated a plausible claim for relief.

restricted in order to prevent his future criminality, and that includes depriving a parolee of his freedom of association . . . .").

      **c. Leave to amend**

In light of Plaintiff's *pro se* status, he is granted thirty (30) days from the date of this Memorandum and Order to file a third amended complaint. Should Plaintiff elect to file a third amended complaint, the third amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, and it must "plead enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In the third amended complaint, Plaintiff should provide the Court with the facts underlying his crime of conviction and explain why his release conditions are unreasonable or unnecessary in light of those facts.

Plaintiff is advised that the third amended complaint will completely replace the prior complaints. Therefore, Plaintiff must include in the third amended complaint all the necessary information that was contained in the prior complaints. The third amended complaint must be captioned, "Third Amended Complaint," and must bear the same docket number as this Memorandum and Order. If Plaintiff fails to file a third amended complaint within thirty (30) days of this Memorandum and Order, the Court will dismiss this action.

### III. Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss, and grants Plaintiff leave to file a third amended complaint within thirty (30) days of this Memorandum and Order.

SO ORDERED:

     s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: December 16, 2016
       Brooklyn, New York